# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FREDRICK EDMOND, | ) |
| Petitioner, | ) ) |
| v. | ) No. 1:11-cv-801-WTL-TAB |
| ALAN P. FINNAN, | ) ) |
| Respondent. | ) ) |

**Entry Denying Motion to Proceed In Forma Pauperis
and Dismissing Petition for Writ of Habeas Corpus**

**I.**

The petitioner's request to proceed in forma pauperis [2] is denied because he has sufficient funds on hand to pay the Five Dollar ($5.00) filing fee. He shall have through **July 25, 2011**, in which to pay the filing fee to the clerk of the district court.

**II.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Habeas petitioner Fredrick Edmond is confined at an Indiana prison and seeks review of and relief from a disciplinary proceeding in which he was sanctioned with 90 days in disciplinary segregation. This sanction was non-custodial. *Mamone v. United States*, 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

Because Edmond's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is summarily dismissed pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 07/07/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana